NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN PHILIP MEYER, | No. 20-35407 |
| Plaintiff-Appellant, | D.C. No. 9:18-cv-00173-DLC |
| v. | |
| UNITED HEALTHCARE, Insurance Company, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, District Judge, Presiding

Submitted March 5, 2021**
Portland, Oregon

Before: BOGGS,*** PAEZ, and WATFORD, Circuit Judges.

This appeal arises from an overcharge on a medical bill for treatment after a

life-threatening ski accident. John Meyer, pro se, alleges that UnitedHealthcare

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

violated Montana's Unfair Trade Practices Act (UTPA) because it engaged in "an unfair or deceptive act or practice," "breached its contract," and "committed fraud" during the handling of his claim. United filed a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). The district court dismissed Meyer's complaint without prejudice because his claims were preempted by the Employee Retirement Income Security Act (ERISA). We have jurisdiction under 28 U.S.C. § 1291. We affirm.

1. Before the district court, Meyer argued that there was a factual dispute as to whether ERISA applied to his insurance plan. He pointed to a communication regarding a previous ERISA-based suit that he filed in relation to this claim. An in-house attorney at United emailed Meyer's attorney stating: "[Their] records reflect that Mr. Meyer is on a small group Non-ERISA plan and as such the ERISA action is not appropriate and should be dismissed." Meyer also argued below, that even if ERISA were applicable, it would not preempt his UTPA claims. He asserted that his suit was not preempted by conflict with ERISA's enforcement scheme because it is based on misrepresentation by a United employee. And he contended that the UTPA claims fell under an exception to ERISA's express-preemption provision because the UTPA regulates insurance.

2. "We review de novo a district court's grant of judgment on the pleadings under Rule 12(c)." *Rubin v. United States*, 904 F.3d 1081, 1083 (9th Cir. 2018). At

2

this stage we assume the truth of the nonmoving party's allegations and determine if "the moving party is entitled to judgment as a matter of law." *Ibid.*

3. ERISA applies to "any employee benefit plan." 29 U.S.C. § 1003(a). An employee benefit plan includes any plan that is "established or maintained by an employer" to provide participants insurance for "medical, surgical, or hospital care . . . or benefits in the event of sickness, accident, [or] disability . . . ." *Id.* § 1002(1). There is an exception for plans offered from insurers to employees in which, among other requirements, "[n]o contributions are made by an employer . . . ." 29 C.F.R. § 2510.3-1(j).

Here, none of the facts relevant to whether Meyer's insurance plan is covered by ERISA are contested or subject to reasonable dispute. Meyer's previous employer engaged United to provide health insurance for its employees. The employer was required to ensure that a minimum number of employees obtained insurance plans through its group policy. And the employer paid a portion of its employees' premiums. An insurer's out-of-court opinion regarding ERISA's applicability is irrelevant. Thus, Meyer's plan is an ERISA plan.

4. "There are two strands of ERISA preemption:" Express preemption, under 29 U.S.C. § 1144(a), and conflict preemption, under 29 U.S.C. § 1132(a). *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1081 (9th Cir. 2009) (quoting *Cleghorn v. Blue Shield of Cal.*, 408 F.3d 1222, 1225 (9th Cir. 2005)). Express preemption applies to "[s]tate

laws insofar as they . . . relate to any employee benefit plan" but contains a saving clause that exempts state laws that *regulate* insurance. 29 U.S.C. § 1144(a), (b)(2)(A). Conflict preemption applies when a state law's enforcement mechanism conflicts with ERISA's "comprehensive scheme of civil remedies." *Cleghorn*, 408 F.3d at 1225. If a state-law claim is preempted by § 1132's conflict preemption, it cannot be brought, "even if those causes of action would not necessarily be preempted by [§ 1144's express preemption]." *Ibid.*

Section 1132 is "the exclusive vehicle for actions by ERISA-plan participants and beneficiaries asserting improper processing of a claim for benefits." *Elliot v. Fortis Benefits Ins. Co.*, 337 F.3d 1138, 1144 (9th Cir. 2003) (quoting *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 52 (1987)). Because Montana's UTPA civil enforcement provision "provides damages above and beyond those provided in ERISA," it is preempted by § 1132. *Id.* at 1147. While state-law claims alleging misrepresentation related to violations independent of duties under ERISA are not necessarily covered by conflict preemption, *see, e.g.*, *Depot, Inc. v. Caring for Montanans, Inc.*, 915 F.3d 643, 666–67 (9th Cir. 2019), that is not the case here. Meyer's suit exclusively focuses on a claim-payment dispute covered by ERISA's comprehensive scheme. Because his claims are preempted by conflict preemption under § 1132, exceptions to express preemption under § 1144 do not apply. Accordingly, Meyer's

4

suit is preempted by ERISA.[1]

For the foregoing reasons, we **AFFIRM** the district court's order dismissing the complaint.

---

[1] For the first time on appeal, Meyer raises an equitable estoppel argument. Therefore it is forfeited. *See Williby v. Aetna Life Ins. Co.*, 867 F.3d 1129, 1136–37 (9th Cir. 2017).